E-FILED 07/06/09

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANIEL LUNA, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AOL, LLC, a Delaware Limited Liability Company; and DOES 1 through 10 inclusive,<br><br>　　　　Defendant. | No.: CV08-8468 PSG (SSx)<br><br>Honorable Philip S. Gutierrez<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **FINAL ORDER AND JUDGMENT** |

1   This Court having considered all of the papers and arguments of the Parties, and having considered the papers and arguments of any and all objectors, and in consideration of its obligations under the Federal Rules does hereby Find and Order:

   (a)   finds that this Court has jurisdiction over all members of the Settlement Class and that this Court has subject matter jurisdiction to approve this Agreement and all exhibits thereto;

   (b)   certifies the Litigation as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

   (c)   approves the following amendments to the Settlement Agreement:

   1.   Within 2 weeks after the latter of the receipt of the Claim for Arbitration or the entry of the final approval order, Class Counsel will send the Claimant seeking arbitration a letter informing them of their right to have Settlement Class Counsel represent them in the Expedited Arbitration proceeding.  Counsel for objector Jose Pacheco shall be provided the sample form letter for approval prior to its use.  AOL will extend the deadline by which each Settlement Class Member seeking arbitration is required to submit documentation supporting an Expedited Arbitration claim until 60 days after the date of Class Counsel's letter to that Claimant;

   2.   Settlement Class Counsel shall provide legal representation to all Class Members who request to retain them for their Expedited Arbitration claim at no additional charge;

   3.   AOL will, in the event it ever reinstates the Netscape Migration campaign, institute such procedural safeguards as are necessary to prevent its customers from incurring post migration charges for AOL Internet Service accounts;

   4.   AOL will not object to an award of attorney's fees to Settlement Class Counsel up to $125,000 and an award of reasonable costs;

///

///

1    5.   AOL will not object to an award of attorneys' fees to counsel for objector Jose Pacheco up to $50,000 and an incentive payment to objector Jose Pacheco up to $500; and

6.   Counsel for objector Jose Pacheco will make a separate application to the Court for the award of attorney's fees;

(d)   gives Final Approval to the Settlement Agreement as being fair, reasonable, and adequate as to, and in the best interests of the members of the Settlement Class;

(e)   declares the Settlement Agreement and the Final Order and Judgment to be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff or any other members of the Settlement Class, as well as their heirs, executors and administrators, successors, and assigns;

(f)   finds that the notice program implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary and other relief; (iii) was reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Due Process and federal law;

(g)   finds that Plaintiff and Settlement Class Counsel adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement;

(h)   sets a return date 90 days from the Date of this Order after which Claim Forms shall be deemed untimely;

(i)   dismisses the Litigation on the merits and with prejudice and without fees or costs except as provided by the Settlement Agreement;

1　　　　　　　(j)　　adjudges that Plaintiff and the Settlement Class have conclusively
2 compromised, settled, discharged, dismissed, and released any and all Released
3 Claims against AOL;

4　　　　　　　(k)　　approves the payment of the Attorneys' Fee Award and Costs to
5 Settlement Class Counsel in the amount of $130,974.68, and enhancement payment of
6 $1,000.00 to class representative Daniel Luna;

7　　　　　　　(l)　　without affecting the finality of the Final Order and Judgment for
8 purposes of appeal, reserves jurisdiction over AOL, Plaintiff and the Settlement Class
9 as to all matters relating to the administration, consummation, enforcement and
10 interpretation of the terms of the Settlement and the Final Order and Judgment and for
11 any other necessary purposes;

12　　　　　　(m)　　Plaintiff and all members of the Settlement Class who have not
13 been excluded from the Settlement Class, whether or not they return a Claim Form
14 within the time and in the manner provided for, shall be permanently barred from
15 asserting any Released Claims against AOL or its respective agents, affiliates, assigns,
16 and other designees, and that any such members of the Settlement Class shall have
17 released any and all Released Claims against AOL and its respective agents, affiliates,
18 assigns, and other designees;

19　　　　　　(n)　　that the Settlement Agreement and the settlement provided for
20 therein and any proceedings taken pursuant thereto are not and should not in any event
21 be offered or received against AOL as evidence of a presumption, concession, or an
22 admission of liability or of any misrepresentation or omission in any statement or
23 written document approved or made by AOL; provided, however, that reference may
24 be made to the Settlement Agreement and the settlement provided for therein in such
25 proceedings as may be necessary to effectuate the provisions of the Settlement
26 Agreement;
27 / / /
28 / / /

1      (o)    bars and enjoins all members of the Settlement Class from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action (or the facts and circumstances relating thereto) in the Litigation and/or the Released Claims, unless named on the Opt-Out List;

    (p)    that objector Jose Pacheco agrees to dismiss with prejudice his California State Court action entitled Jose Pacheco v. AOL, LLC, pending in San Diego Superior Court Case No. 37-2008-00083265-CU-BT-CTL in exchange for AOL's agreement to waive costs;

    (q)    approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class members who have timely requested exclusion from the Settlement Class and accordingly, shall neither share in nor be bound by the Final Order and Judgment;

    (r)    authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this the Settlement Agreement and all exhibits hereto as (i) shall be consistent in all material respects with this Final Order and Judgment and (ii) do not limit the rights of the Settlement Class members; and

    (s)    on or before July 6, 2009, attorneys for objector Jose Pacheco shall submit a motion for approval of an attorney fee award in an amount not to exceed $50,000.00, and an incentive payment of $500.00 for objector Jose Pacheco, for this Court's review and approval.  AOL's response will be due on July 13, 2009 and any reply will be due on July 20, 2009.  The hearing on the motion will be on July 27, 2009 at 1:30 p.m. in Courtroom 790 of the Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012.  The determination of the objector counsel fee award and objector incentive payment motion shall not affect or delay the implementation of all other terms of this Final Order and Judgment.  A separate order

1 | shall issue to determine the objector counsel fee award and objector incentive payment
2 | motion.

4 | Dated: 7/06/09           By:   *PHILIP S. GUTIERREZ*
5 |                                 Hon. Phillip S. Gutierrez
                                    United States District Court Judge